THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents, *against* RICHARD MILLEN, Appellant.

(Decided March 2nd, 1886).

In an action brought for a penalty in the name of the Mayor, Aldermen and Commonalty of the City of New York in a District Court in that city, the authority to serve the summons need not be indorsed thereon where a general appointment by the Corporation Attorney for such purpose of the person serving the summons is filed in the office of the Clerk of the District Court.

APPEAL from a judgment of the District Court in the City of New York for the First Judicial District.

The action was brought to recover a penalty. No designation to serve the summons, of the process-server by whom it was served on defendant, was indorsed on the summons, but his general appointment in writing by the Corporation Attorney was filed in the office of the Clerk of the Court. The justice, notwithstanding defendant's objection, held this a sufficient compliance with the law and rendered judg-

Mayor &c. of New York *v.* Millen.

ment for plaintiffs. From the judgment defendant appealed to this court.

*R. J. Mahon*, for appellant.

*W. A. Boyd*, for respondents.

PER CURIAM.—[Present LARREMORE, Ch. J., and VAN HOESEN, J.]—Section 1, chapter 758, Laws of 1886, does not require that the authority to serve a summons in an action for a penalty brought in a District Court, in the name of the Mayor, Aldermen and Commonalty of the City of New York, shall be indorsed upon the summons.

The person whom the Corporation Attorney may designate to serve a summons must be of full age, and the appointment must be in writing. The appointment may be general, for there is no requirement that it shall be specially made in every particular case. All authorizations to act in the name or on behalf of a government, federal, state or municipal, should be in such form that no doubt or question may exist as to their extent or their authenticity.

In the clerk's office of every district court, it would be well if there were proof that the Corporation Attorney had in writing duly empowered the person who served the summons in an action for a penalty, to make such service. Where such proof is not of record in the clerk's office, the district court may require that the authority of the summons-server shall be attached to or else indorsed on the summons. In other words, a general authority to serve a summons may be proved by a writing filed in the office of the clerk of the district court; but a special authority must accompany the summons.

Judgment affirmed.